Markman, J.
(concurring in part and dissenting in part). I concur in the conclusion of the majority opinion that the trial court improperly scored OV 1 and OV 3, although I reach this conclusion by a different analysis. I respectfully dissent from the conclusion of the majority opinion that the trial court properly scored OV 9.
Defendant and Iesha Northington robbed an elderly woman, Deborah Sevakis. Northington stole Sevakis’s purse. James Bish, a bystander who witnessed the robbery, chased after Northington and Northington shot Bish. Defendant was the getaway driver. Northington pleaded guilty to armed robbery and assault with intent to murder, and defendant was convicted of armed robbery, but never charged with the assault.
Ov 1 is to be scored at fifteen points for pointing a firearm at a person and twenty-five points for discharging a firearm at a person. MCL 777.31(l)(a) and (c). Although defendant’s accomplice, Iesha Northington, was assessed twenty-five points for the assault conviction, she was assessed only fifteen pointg for the armed robbery conviction. Defendant was assessed twenty-five points for the armed robbery conviction. Defendant was never charged with an assault. The Court of Appeals *272 concluded that the trial court erred in assessing defendant twenty-five points for the armed robbery conviction because MCL 777.31(2)(b) provides that “[i]n multiple offender cases, if 1 offender is assessed points for the presence or use of a weapon, all offenders shall be assessed the same number of points.” The majority opinion agrees.
Ov 3 is to be scored at twenty-five points if a victim suffered a life-threatening injury. MCL 777.33(l)(c). Clearly, James Bish suffered a life-threatening injury when he was shot in the chest and his lung was punctured. Although Northington was assessed twenty-five points for the assault conviction, she was assessed zero points for the armed robbery conviction. Defendant was assessed twenty-five points for the armed robbery conviction. Again, the Court of Appeals concluded that this was an error because MCL 777.33(2)(a) provides that “[i]n multiple offender cases, if 1 offender is assessed points for death or physical injury, all offenders shall be assessed the same number of points.” The majority opinion again agrees.
MCL 769.31(d) provides:
“Offense characteristics” means the elements of the crime and the aggravating and mitigating factors relating to the offense that the legislature determines are appropriate. For purpose of this subdivision, an offense described in section 33b of 1953 PA 232, MCL 791.233b, that resulted in a conviction and that arose out of the same transaction as the offense for which the sentencing guidelines are being scored shall be considered as an aggravating factor. [Emphasis added.]
Therefore, in general, when scoring offense variables, the trial court can only consider the offense for which the sentencing guidelines are being scored and those *273 enumerated offenses that arose out of the same transaction as that offense and that resulted in convictions.[1]
In this case, the discharging of the firearm and the resulting injury to Bish are not factors that relate to the robbery offense — the offense for which the sentencing guidelines are being scored — but are, instead, factors that relate to the assault offense — an offense of which defendant was never convicted. Therefore, the trial court erred when it considered these factors in scoring defendant’s robbery conviction.
MCL 777.31(1) and MCL 777.33(1) provide that OV 1 and OV 3 are to be scored “by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points.” With regard to OV 1, defendant argues that fifteen points was the highest score attributable to either offender for the robbery because a weapon was pointed, but not discharged during the robbery. Northington did not discharge the weapon until after the robbery. Similarly, with regard to OV 3, defendant argues that zero points was the highest score attributable to either offender for the robbery because nobody was injured during the robbery. Northington did not shoot Bish until after the robbery.
MCL 769.31(d) explicitly states that “an offense described in section 33b of 1953 PA 232, MCL 791.233b, that resulted in a conviction and that arose out of the same transaction as the offense for which the sentencing guidelines are being scored shall be considered as an aggravating factor.” This is clearly an exception to the general rule — the general rule being that the relevant *274 factors are those that relate to the offense being scored, and the exception being that, if the defendant is convicted of certain enumerated offenses that arose out of the same transaction as the offense being scored, these offenses can be taken into consideration in scoring. Although assault with intent to murder is one of the enumerated offenses and the assault arguably arose out of the same transaction as the armed robbery, defendant was not convicted of assault with intent to murder. Therefore, the fact that Northington shot Bish cannot be considered in scoring defendant’s robbery conviction. The trial court took this shooting into consideration when it scored OV l and OV 3, and, thus, improperly scored OV 1 and OV 3.
That the general rule is that the relevant factors are those that relate to the offense being scored is further supported by the fact that some offense variables specifically provide otherwise. For instance, MCL 777.44(2)(a) provides that in scoring OV 14 (whether the offender was a leader in a multiple offender situation), “[t]he entire criminal transaction should be considered.” In other offense variables, the Legislature unambiguously made it known when behavior outside of the scored offense is to be taken into account. Ov 12, for example, applies to acts that occurred within twenty-four hours of the sentencing offense and have not resulted in separate convictions. MCL 777.42(2)(a). Ov 13 explicitly permits scoring for “all crimes within a 5-year period, including the sentencing offense” regardless of whether they resulted in conviction. MCL 777.43(2)(a). Ov 16 provides that “[i]n multiple offender or victim cases, the appropriate points may be determined by adding together the aggregate value of the property involved, including property involved in uncharged offenses or charges dismissed under a plea agreement.” MCL 777.46(2)(a). Finally, OV 8 (scoring for *275 victim asportation or captivity) specifically focuses on conduct “beyond the time necessary to commit the offense.” MCL 777.38. That the Legislature has explicitly stated in some offense variables that conduct not related to the offense being scored can be considered strengthens the conclusion that, unless stated otherwise, only conduct that relates to the offense being scored may be considered.
Ov 9 is to be scored at ten points if two to nine victims were involved. MCL 777.39(l)(c). “[E]ach person who was placed in danger of injury or loss of life” is to be counted as a victim. MCL 777.39(2)(a). Ov 9 does not require multiple offenders to receive the same score. Both defendant and Northington were assessed ten points. The Court of Appeals concluded that this was error because only Deborah Sevakis was placed in danger during the robbery. I agree. The robbery was complete by the time Bish intervened. Bish was not the victim of the robbery; he was the victim of the assault.[2] Defendant was not charged with the assault.[3] For the *276 same reason that the assault cannot be considered when scoring OV 1 and OV 3, it cannot be considered when scoring OV 9.[4]
*277 Ov l should only have been scored at fifteen points because Northington only pointed a firearm during the robbery; she did not discharge a firearm during the robbery. Ov 3 should have been scored at zero points because the robbery victim did not suffer from a life-threatening injury; only the assault victim suffered from a life-threatening injury. Finally, OV 9 should have been scored at zero points because there was only one robbery victim; Bish was an assault victim, but not a robbery victim. Therefore, I would affirm the judgment of the Court of Appeals, which concluded that the trial court erred in scoring OV 1, OV 3, and OV 9, albeit on different grounds.
TAYLOR, J., concurred with MARKMAN, J.

 Although the majority opinion believes that it is “unnecessary to draw. .. sharp lines.. . between ‘offenses’ stemming from [the same] event,” ante at 259 n 10, the Legislature, as evidenced by the express language of MCL 769.31(d), believes otherwise.

 The majority opinion accuses me of “failing] to apply the plain language of the statute.” Ante at 262 n 14. However, with all due respect, I believe it is the majority opinion that fails to apply the clear language of the statute. MCL 769.31(d) specifically states that “the offense” and any enumerated offenses “that resulted in a conviction and that arose out of the same transaction as the offense for which the sentencing guidelines are being scored shall be considered ....” In this case, “the offense for which the sentencing guidelines are being scored” is armed robbery. Defendant was not convicted of assault, or any other offense. Under the express language of the statute, only the robbery, not the assault, can be considered.

 MCL 769.31(d) states that “ ‘[ojffense characteristics’ means the elements of the crime and the aggravating and mitigating factors relating to the offense that the legislature determines are appropriate.” Therefore, I agree with Justice Young that the trial court can “consider not only the actual elements constituting the offense, but also any aggravating or mitigating factors associated with the offense ... .” Post at 278 (emphasis in original). However, in this case, the disputed factors relate not to the *276 offense — armed robbery — but to another offense — assault—that occurred after the offense [of armed robbery] was already completed and that defendant was never even charged with, let alone convicted of. As explained above, MCL 769.31(d) specifically states that only offenses that have resulted in convictions can be considered. Because defendant was not convicted of an assault, the assault cannot be considered in scoring the armed robbery offense. To allow the assault to be considered, even though it was not even charged, would be to circumvent the guidelines by scoring a defendant on the basis of circumstances constituting an offense that was never even charged. However, I do agree with Justice YOUNG that the assault may be considered by the court in imposing an upward departure as long as the standards articulated in People v Babcock, 469 Mich 247; 666 NW2d 231 (2003), have been adhered to.

 Chief Justice CORRIGAN concludes that “[b]ecause armed robbery is a transactional offense, and Northington shot Bish immediately after she stole Sevakis’s purse and before she reached a place of temporary safety, the trial court’s consideration of the shooting when determining defendant’s score under OV l[,] OV 3,” ante at 266, and ov 9, ante at 270, was proper. Assuming arguendo that armed robbery is a transactional offense, I still cannot agree that the trial court properly scored OV i, OV 3, and OV 9. Under a transactional view, a person can be found guilty of armed robbery if, before reaching a place of temporary safety, all of the elements of armed robbery are completed. However, that does not mean that an armed robbery can never be completed until a person has reached a place of temporary safety. In other words, although it is possible that an armed robbery will not be completed until the defendant has reached a place of temporary safety, it is also possible that the crime will be completed before then. Here, all the elements of the armed robbery were completed before defendant reached a place of temporary safety. There cannot be two endings to a crime. In other words, it cannot be that the crime of armed robbery was completed once defendant stole the purse and it was also completed once she reached a place of temporary safety. The crime had to have been completed at either the latter or the former time. If all the elements had not been completed, we could look, under a transactional view, to defendant’s conduct until she reached a place of temporary safety to establish all the elements of the armed robbery. Here, however, that is not necessary because all the elements were, in fact, completed before she reached a place of temporary safety. Because the assault occurred after the armed robbery and because defendant was never convicted of the assault, it cannot be considered when scoring OV l, OV 3, and OV 9.
*277 Contrary to the majority opinion’s contention, I do not determine here whether armed robbery is a transactional offense. I simply note that, even if armed robbery is a transactional offense, the trial court erred in scoring OV l, OV 3, and OV 9.